# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LONNIE CARGILE,
    Plaintiff                                       Case No. 1:06-cv-766

vs

HAMILTON COUNTY
COURTHOUSE, et al.,                        **ORDER**
    Defendant                                 (Spiegel, J.)

Plaintiff, a resident of Cincinnati, Ohio, brings this action against the Hamilton County Courthouse and others. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490

U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's pro se complaint is virtually incomprehensible. It appears to be a compilation of unintelligible and disjointed thoughts. The Court is unable to discern any claim with an arguable basis in fact or law. There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendants over which the Court might have jurisdiction. Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999),

overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

    **IT IS SO ORDERED.**


Date: November 28, 2006　　　　　　　　s/S. Arthur Spiegel
　　　　　　　　　　　　　　　　　　　　S. Arthur Spiegel, Senior Judge
　　　　　　　　　　　　　　　　　　　　United States District Court